UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

| | | |
|---|---|---|
| WILLIAM RODRIGUEZ, | : | CIVIL ACTION NO.: 05-CIV-2597 |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMAND |
| | : | |
| vs. | : | COMPLAINT |
| | : | |
| CITY OF NEW YORK, | : | |
| NEW YORK CITY TRAFFIC | : | |
| DEPARTMENT, | : | |
| NEW YORK CITY POLICE | : | |
| DEPARTMENT, | : | |
| TRAFFIC AGENT ALEX | : | |
| MERCADO INDIVIDUALLY | : | |
| AND AS A TRAFFIC AGENT, | : | |
| LAW ENFORCEMENT AGENT, | : | |
| AND POLICE OFFICER FOR | : | |
| THE CITY OF NEW YORK, | : | |
| POLICE OFFICER SHAWN | : | |
| ZIEL INDIVIDUALLY AND | : | |
| AS A POLICE OFFICER OF | : | |
| THE CITY OF NEW YORK | : | |
| AND OTHER UNKNOWN LAW | : | |
| ENFORCEMENT AGENTS | : | |
| FOR THE CITY OF NEW YORK | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------

COMPLAINT

JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon U.S.C. § 1331 and 1343(1)(3)(4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims rising under State law.

- 1 -

PARTIES

2. Plaintiff is a resident of New York City.

3. Defendant City of New York is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department which employs unknown police officers of the City of New York and Traffic Agent Alex Mercado. Defendant City of New York is a municipality of the State of New York which owns, operates, manages, directs and controls the Traffic Department of the City of New York.

4. Defendant, unknown police officers and Traffic Agent Alex Mercado were at all times relevant to this action as police officers of the City of New York, agents and employees of the New York City Traffic Department and acted under color of State law. Upon information and belief all unknown individuals are police officers of the New York City Police Department and/or the New York City Traffic Department and are being sued in both their individual and official capacities. Upon information ands belief Traffic Agent Alex Mercado is an employee of the City of New York and is being sued in both his individual and official capacities.

FIRST CAUSE OF ACTION

5. On or about November 1, 2003, at about 18:35 hours at the corner of Hudson and Canal Street in the County and State of New York plaintiff, William Rodriguez, was a passenger in the front seat in an automobile driven by his wife when Traffic Agent Alex Mercado and possibly more law enforcement agents began to verbally abuse his wife for not moving out of this intersection. When plaintiff, William Rodriguez, asked these law enforcement agents to stop verbally abusing his wife, they (in particular Alex Mercado) went over to the passenger side of the automobile where plaintiff William Rodriguez was strapped in by his seat belt and began (without any provocation

or justification) to brutally assault and attack plaintiff William Rodriguez. .

6. Without cause or justification one or more of the individual defendants attacked the plaintiff by hitting him in the face and body. The result was that plaintiff William Rodriguez was taken to a hospital and treated for severe injuries.

7. As a result of this unjustified and excessive force plaintiff suffered severe and unjustified injuries.

8. As a result of this unjustified attack the plaintiff William Rodriguez suffered severe humiliation, embarrassment and severe emotional distress primarily because his two daughters were in the back seat and witnessed these horrible acts committed on their father. The plaintiff William Rodriguez's wife also witnessed this horrible humiliation of the plaintiff William Rodriquez.

9. At no time did the plaintiff commit any offenses against the People and State of New York. At no time did the plaintiff strike, attempt to strike or intend to strike any of the defendant police officers or traffic agents. At no time did the plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the actions of the police or traffic agents.

10. As a direct and proximate result of the defendant's actions, plaintiff suffered and continues to suffer injuries, including but not limited to his body, some or all of which may be permanent.

11. As a result of this incident the plaintiff was arrested by being placed in custody and by being brought to a police station without his consent.

12. The plaintiff's false arrest and wrongful imprisonment and malicious prosecution were intentional, malicious, reckless and in bad faith because of the defendant's lack of any legitimate cause or justification.

13. As a direct and proximate result of defendant's actions, plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent. The plaintiff has also lost his means of employment and now has no means to support his family.

14. As a direct and proximate result of defendant's actions plaintiff was arrested and detained without just or probable cause.

15. As a direct and proximate result of defendant's actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

16. Defendant City of New York as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers and traffic agents concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

17. Defendant City of New York has with deliberate indifference failed to adequately sanction or discipline police officers and traffic agents, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct. Moreover, defendant, City of New York, has a history of police brutality and violation of individual rights and is or should be aware of the need to take such actions as are necessary to prevent a violation of individual rights from occurring.

18. Defendant, City of New York has with deliberate indifference failed to adequately sanction or discipline police officers and traffic agents, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of people by other police officers

and traffic agents, thereby causing and encouraging police and traffic agents, including defendants in this case, to engage in unlawful conduct.

19. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to be secure in his person and property, to be free from the excessive use of force and from false arrest, wrongful imprisonment, assault and battery, malicious prosecution, and to be free from defendant's negligence, gross negligence and negligent hiring and supervision and to due process of law.

20. By these actions defendants deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

SECOND CAUSE OF ACTION

21. Plaintiff hereby realleges paragraph one through twenty of this complaint as though fully set forth herein.

22. The acts and conduct of the defendants alleged in the above stated cause of action constitute assault and battery, false arrest, intentional infliction of emotional distress, malicious prosecution, outrageous conduct, invasion of privacy, negligence, gross negligence and negligent hiring, retention and supervision under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said claims.

    WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages of $5, 000, 000 dollars.

    b. Punitive damages of $5, 000, 000 dollars.

    c. Reasonable attorney fees and costs; and

d. Such other and further relief as to this Court appears reasonable and just.

                                                                                _____
                                                                                ROBERT E. NICHOLSON
                                                                                 ATTORNEY FOR PLAINTIFF

DATED: February 28, 2005